IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL B. DORSEY JR.,　　　　　　　*

Plaintiff　　　　　　　　　　　　　　　*

v　　　　　　　　　　　　　　　　　　*　　　Civil Action No. ELH-15-669

THE GEO GROUP, INC.　　　　　　　　*
HAGERSTOWN CORRECTIONAL FACILITY
MONTGOMERY COUNTY CORRECTIONAL*
FACILITY  and
STATE OF MARYLAND　　　　　　　　*

Defendants　　　　　　　　　　　　　*
　　　　　　　　　　　　　　　　　　***

## MEMORANDUM

The court is in receipt of self-represented plaintiff Michael B. Dorsey Jr.'s, civil rights complaint, in which he alleges that defendants have denied him surgery to repair an unspecified injury to his knee. ECF 1. Because plaintiff appears indigent, he shall be granted leave to proceed in forma pauperis.

This court may preliminarily review a complaint and dismiss it pursuant to 28 U.S.C. § 1915(e) prior to service if satisfied that the complaint states no legal basis for the relief sought. *See Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *Cochran v. Morris*, 73 F.3d 1310, 1314 (4th Cir. 1996).

Under the Eleventh Amendment, a state, including its agencies and departments, is immune from federal lawsuits brought by its citizens or the citizens of another state, absent consent. *See Penhurst State Sch. and Hosp. v. Halderman*, 465 U. S. 89, 100 (1984); *see also Global Mail Ltd. V. U.S. Postal Serv.*, 142 F.3d 208, 210 (4th Cir. 1998) ("Sovereign immunity deprives a court of jurisdiction to hear a case."). Although the State of Maryland has waived its sovereign immunity for certain types of cases brought in State courts, *see* Md. Code, State Gov't.

Article § 12-201(a), it has not waived its immunity under the Eleventh Amendment to suit in federal court. Thus, plaintiff's complaint against the State of Maryland and "Hagerstown Correctional Facility," an agency within the State of Maryland, is barred by the Eleventh Amendment, and it will be dismissed under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.

Plaintiff's claims against "Montgomery County Correctional Facility" and "The Geo Group, Inc." fair no better. To sustain an action under 42 U.S.C. § 1983, the plaintiff must demonstrate that: (1) he suffered a deprivation of rights secured by the Constitution of the United States; and (2) the act or omission causing the deprivation was committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The Montgomery County Correctional Facility and The Geo Group, Inc., a private company contracted to run a federal detention facility, are not "persons" subject to suit or liability under § 1983. Therefore, plaintiff's complaint against them shall be dismissed.

Lastly, plaintiff notes that his case raising identical claims filed in the United States District Court for the Eastern District of North Carolina was dismissed as frivolous. ECF 1 at 2. In that case, plaintiff sued Brick Tripp, Warden of the Rivers Correctional Institution in Winton, North Carolina, alleging Tripp refused to allow the knee surgery to be performed. *See Dorsey v. Trip*, No. 5:13-CT-3171-D (D. N.C.). In dismissing the complaint, the court stated:

> Rivers is "a privately run facility in North Carolina operated by the GEO Group, Inc. under contract with the federal Bureau of Prisons." *Holly v. Scott*, 434 F.3d 287,288 (4th Cir. 2006). As this court noted in 2008, "courts in this district have repeatedly held, and the Fourth Circuit has agreed, that private individuals who work as employees for [privately-operated prisons] are not subject to liability under *Bivens*." *Holly v. Christensen*, No. 5:07-CT-3134-D, 2008 WL 956722, at *4 (E.D.N.C. Apr. 8, 2008) (unpublished) (collecting cases). The Supreme Court's decision in *Minneci v. Pollard*, 132 S. Ct. 617, 623-26 (2012), confirmed this court's observation. Thus, Dorsey's constitutional claim against Warden Tripp is frivolous.

By that same reasoning, even if The Geo Group, Inc. were a "person" amenable to suit, plaintiff's complaint against it may not proceed.

A separate Order follows.


March 18, 2015                                  _____/s/_____
Date                                            Ellen L. Hollander
                                                United States District Judge